IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PRIMARY ANGEL, Inc., A Texas Texas Corporation d/b/a ESSENCE HOME HEALTH | § § § § | |
| Petitioner, | § § | |
| v. | § § | Civil Action No. 3:08-cv-2125-K(BH) |
| UNITED STATES OF AMERICA | § § § | |
| Respondent. | § | Pretrial Management |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Special Order No. 3-251, this case was referred by the District Court to this Court for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations to the District Court on dispositive motions. Based on the applicable filings and applicable law, the Court recommends that this action be **DISMISSED** without prejudice.

**I. BACKGROUND**

Petitioner, a corporate entity, filed this action *pro se* on December 1, 2008, to quash a summons of the Internal Revenue Service. The motion to quash was purportedly signed on behalf of the corporation by an authorized non-lawyer representative. By order dated December 3, 2008, petitioner was advised that as a corporate entity, it cannot proceed *pro se* or through its authorized representative in this action. Petitioner was allowed thirty days to obtain licensed counsel to represent it and expressly advised that if counsel had not entered an appearance on its behalf within that time, this Court would recommend that Petitioner's claims be dismissed

without further notice. As of this date, no counsel has entered an appearance on behalf of the corporate petitioner.

## II. ANALYSIS

It is well-settled that a corporation may not appear in federal court unless represented by an attorney. *Memon v. Allied Domecq QSR*, 385 F.3d 871,873 (5th Cir. 2004) (per curiam) (citing *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993) and *Southwest Express Co., Inc. v. Interstate Commerce Commission,* 670 F.2d 53, 55 (5th Cir. 1982)). Although individuals have the right to proceed *pro se* in court proceedings pursuant to 28 U.S.C. § 1654, the law is clear that corporations are fictional legal persons who can only be represented by licensed counsel. *Donovan v. Road Rangers Country Junction, Inc.,* 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam); *Southwest Express*, 670 F.2d at 55-56; *In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981). When a corporation declines to hire counsel to represent it, the court may dismiss its claims if it is a plaintiff, or strike its defenses if it is a defendant. *See id.*

In this case, the corporate petitioner was duly advised that it could not proceed *pro se* in this action, allowed thirty days to obtain licensed counsel to represent it, and warned that failure to do so would result in a recommendation of dismissal. Because no counsel has entered an appearance on behalf of the corporate petitioner as of this date, the Court recommends that this action be dismissed without prejudice. *See Memon*, 385 F.3d at 873.

## III. RECOMMENDATION

This action by a *pro se* corporation should be dismissed without prejudice.

**SIGNED on this 5th day of January, 2009.**

          IRMA CARRILLO RAMIREZ
          UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

      The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

          IRMA CARRILLO RAMIREZ
          UNITED STATES MAGISTRATE JUDGE